**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael RIPPIE, Defendant–Appellant.**

**No. 13–10615.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2015.[*]

Filed April 20, 2015.

Eric Johnson, Esquire, Assistant U.S., Daniel D. Hollingsworth, Esquire, Michael Anthony Humphreys, Assistant U.S., Cristina D. Silva, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Brenda Weksler, Esquire, Assistant Federal Public Defender, Heidi A. Ojeda, Alina Maria Shell, Federal Public Defend-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

er's Office, Las Vegas, NV, for Defendant–Appellant.

Before: KOZINSKI and GRABER, Circuit Judges, and BENSON,** District Judge.

### MEMORANDUM ***

Rippie appeals his jury conviction of possession of a firearm by a person previously committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4), and making a false statement to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6). The trial court did not abuse its discretion by admitting evidence regarding a state judge's refusal to return firearms to Appellant because of his prior commitment to a mental institution. Such evidence was unquestionably relevant to respond to Appellant's defense and posed no risk of unfair prejudice, particularly in light of the district court's thorough limiting instruction. The government's references to this testimony in closing argument did not constitute prosecutorial misconduct because they were consistent with the limiting instruction.

**AFFIRMED.**

** The Honorable Dee V. Benson, United States District Judge for the District of Utah, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).